**NOT FOR PUBLICATION**

## FILED

UNITED STATES COURT OF APPEALS

MAR 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAIME M. BARTON,

　　　　　　Plaintiff-Appellant,

　v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

　　　　　　Defendant-Appellee.

No.　22-56002

D.C. No. 3:19-cv-02431-JLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Jill L. Burkhardt, Magistrate Judge, Presiding

Submitted February 13, 2024[**]
Pasadena, California

Before: W. FLETCHER, NGUYEN, and LEE, Circuit Judges.

Jaime Barton appeals the district court's order affirming the Commissioner of Social Security's denial of his application for disability benefits. We review the district court's order de novo, and may reverse a denial of benefits only when that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

decision is "based on legal error or not supported by substantial evidence in the record." *Revels v. Berryhill*, 874 F.3d 648, 653–54 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Barton alleges disability due to his ankle pain, lower back pain, and carpal tunnel syndrome. The administrative law judge applied the Commissioner's five-step "sequential evaluation process" to determine whether Barton was disabled under the Social Security Act and determined that he was not. 20 C.F.R. § 404.1520(a)(4). On appeal, Barton challenges step four of the ALJ's analysis.

1. Barton first argues that the ALJ failed to set forth clear and convincing reasons for discrediting his testimony about his pain symptoms. An ALJ may discredit a claimant's testimony about the severity of his symptoms if the ALJ offers "specific, clear and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). Those reasons must be supported by substantial evidence, and the ALJ must identify the specific testimony he or she finds incredible and explain what evidence undermines that testimony. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014).

Here, the ALJ provided four such reasons.

First, the ALJ faulted Barton for his failure to ever seek treatment for his lower back pain. The ALJ was "permitted to consider lack of treatment" in his determination of Barton's credibility. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th

2

Cir. 2005).

Second, the ALJ discredited Barton because he was noncompliant with treatment recommendations made by his medical providers, including several recommendations from Dr. Chodos, his orthopedic surgeon, to use an "ankle brace" or "high top shoe or boot" instead of flip flops. The ALJ was entitled to consider Barton's "inadequately explained failure to . . . follow a prescribed course of treatment." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

Third, the ALJ noted that, despite Barton's noncompliance with his recommendations, Dr. Chodos prescribed increasingly conservative treatments for Barton's ankle injury. For example, at their first appointment in September 2016, Dr. Chodos suggested Barton consider surgical treatment for his ankle. By 2018, Dr. Chodos only recommended that Barton use a "compression stocking" and a "more supportive shoe than a flip flop." The ALJ was entitled to rely on evidence of "conservative treatment" to discount Barton's testimony regarding severity of an impairment. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007).

And finally, the ALJ discounted Barton's pain testimony because Barton was "previously able to work with similar symptoms." The ALJ was entitled to consider evidence of Barton's gainful employment during symptomatic periods in assessing his credibility. *Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021).

2. Barton next challenges the ALJ's decision to reject the medical opinions

3

of three of his treating physicians—Dr. Chodos; Dr. Fitzgerald, his orthopedic hand surgeon; and an unidentified third doctor who assessed Barton for his ankle pain in November 2016. Those opinions conflict with other medical opinion testimony in the record, and can thus be rejected by the ALJ for "specific and legitimate reasons" supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

The ALJ reviewed "Medical Information Questionnaires" filled out by Dr. Chodos and Dr. Fitzgerald, and a "Physical Residual Functional Capacity Assessment" filled out by the unidentified physician. These documents outlined extreme physical limitations for Barton but were not conducted in conjunction with any physical assessment of Barton's injuries. The ALJ determined that these documents were unpersuasive because they relied on Barton's "subjective symptoms rather than objective medical findings." That is a legitimate reason for rejecting medical testimony. "An ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti*, 533 F.3d at 1041 (internal quotations omitted). Because the ALJ provided a specific, legitimate, and substantiated reason for rejecting the medical opinions of those treating physicians, we uphold that determination.

**AFFIRMED**.

4